VAN WYCK, J.     An award was made for part of a lot taken for the widening of North Second street pursuant to the Laws of 1871, c. 559.    For years thereafter, no steps were taken to actually widen the street.    The owners used the land so taken, and no claim was made for the awards so made.    Both the city and the owners treated the matter as though no lands were taken, and no awards were made.    While this was the existing condition, the owner of the lot involved in this action conveyed the whole of it, including the portion taken by the act of 1871.    That such conveyance operated as an assignment of the award has already been decided by this court.    Delap v. City of Brooklyn, 3 Misc. Rep. 22, 22 N. Y. Supp. 179; Englehardt v. City of Brooklyn, 3 Misc. Rep. 32, 21 N. Y. Supp. 777; Burkard v. City of Brooklyn, 6 Misc. Rep. 431, 26 N. Y. Supp. 1112.    Judgment must be affirmed, with costs.

---

(8 Misc. Rep. 599.)

COMMERFORD v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term.    May 28, 1894.)

DAMAGES—WHEN NOT EXCESSIVE—PERSONAL INJURIES.

    A verdict for $8,500 for personal injuries is not excessive, where it appears that plaintiff lost several toes; that he suffered great pain, and was unable to get out of bed for ten weeks without assistance; that he could not go about for five months, and then had to use crutches; that the accident prevented him from working more than three-quarters of his time at his trade, as bookbinder, at which he earned $15 per week; and that his lameness is permanent.

Appeal from trial term.

Action by Timothy C. Commerford against the Atlantic Avenue Railroad Company for personal injuries.    There was a judgment in favor of plaintiff, and defendant appeals.    Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Wm. S. Cogswell, for appellant.

Charles J. Patterson, for respondent.

OSBORNE, J.     Plaintiff brought this action to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant.    He claimed that, as he was getting on the rear platform of one of defendant's cars on Fifteenth street, the car suddenly started with a quick jerk, the effect of which was to throw him forward to the ground, and his foot was run over by one of the wheels of the car.    Plaintiff had a verdict for $8,500.    From the judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken.

The learned counsel for the appellant bases his appeal on two grounds.    He claims—Firstly, that the verdict was against the weight of evidence, and that, therefore, the motion for a new trial should have been granted; and, secondly, that the verdict was excessive.    Plaintiff's statement as to the manner in which he sustained his injuries was corroborated by two witnesses, strangers to plaintiff, who were passengers upon the rear platform at the time

plaintiff was injured.    Defendant sought to show that plaintiff fell
and sustained his injuries in an unsuccessful attempt to board the
front platform of the car while it was in motion.    The conductor
of the car so testified, and two passengers in the car and one on the
front platform were produced to support the conductor's statement.
Here was plainly an issue of fact, which it was clearly the province
of the jury to determine.    The jury have found in favor of the plain-
tiff's statement as to the manner in which he was injured, and, on a
careful reading of the evidence, we can see no ground that would
render it right or proper for us to interfere with the verdict in that
regard.    The evidence of the plaintiff and the witnesses adduced
on his behalf was clear and straightforward, and was not shaken by
cross-examination; while, on the other hand, in our opinion, the evi-
dence on the part of the defendant contained several inconsistencies.

Nor can we say that the verdict was excessive.    Plaintiff was a
young man, 23 years of age.    His injury was a very painful one,
and he is permanently disabled, and still suffers pain.    The first
and second toes of his left foot were amputated at the second joint,
and half of the third toe was also amputated.    He was unable to
get out of bed for ten weeks without assisance.    He did not go out
for five months, and he then had to use crutches for a month, and
it was eight months after the injury before he was able to resume
his work.    Plaintiff was a bookbinder by trade, and earned $15 a
week.    His occupation required him to be on his feet, and to carry
heavy books.    This he is now unable to do steadily by reason of the
pain in his foot, and he is unable to work more than three-quarters
of his time.    He is lame now, and always will be, and his foot is
somewhat wasted.    The bill of one of his physicians is $200.    When
we take into consideration plaintiff's severe pain and suffering, his
long confinement, the fact that he is permanently lame and disabled,
and that his earning power is impaired, we cannot say that the ver-
dict was excessive, or calls for our interference.    We think that
the judgment and the order denying the motion for a new trial
should be affirmed, with costs.